**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| MARK TURKCAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 4:22-CV-00645-JAR |
| | ) |
| WAL-MART STORES EAST I, LP, | ) |
| *d/b/a Walmart #805*, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Wal-Mart Stores East I, LP's Motion to Strike Count II of Plaintiff's Complaint. (Doc. 4). For the reasons discussed below, the Court will grant Defendant's motion in part and dismiss Count II of Plaintiff's Complaint without prejudice.

**I.   BACKGROUND**

As alleged in the Complaint, Plaintiff Mark Turkcan was a customer at Defendant's store in Fenton, Missouri on August 15, 2021. (Doc. 8 at ¶¶ 3, 7-8). While walking in the store, Plaintiff was "suddenly struck in the eye by the metal piece protruding from the display fixture, causing severe injury." (*Id.* at ¶ 18). Plaintiff initially filed suit in Missouri state court, but Defendant removed to this Court on the basis of diversity jurisdiction. (Doc. 1). Plaintiff's two count Complaint seeks damages for Negligence (Count I) and Failure to Inspect (Count II).

On June 17, 2022, Defendant filed the instant Motion to Strike Count II of Plaintiff's Complaint. (Doc. 4). Defendant argues that the Court should strike Count II pursuant to Fed. R. Civ. P. 12(f)(2) because it is duplicative of Count I and does not make any additional substantive allegations. Plaintiff did not file any response by the applicable deadline.

## II.     ANALYSIS

Fed. R. Civ. P. 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Although courts enjoy "broad discretion" in determining when to strike pleadings, such action is an "extreme measure" and motions to strike are "viewed with disfavor and [ ] infrequently granted." *Stanbury Law Firm v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000) (internal quotations and citations omitted). Striking of pleadings is a "drastic" remedy often sought "simply as a dilatory or harassing tactic." *Donelson v. Ameriprise Fin. Servs., Inc.*, 999 F.3d 1080, 1091-92 (8th Cir. 2021) (citation omitted).

The Court agrees with Defendant that Counts I and II of the Complaint do not appear to raise distinct legal claims under Missouri law. In Count I, Plaintiff alleges that Defendant negligently "failed to use the ordinary care required to remove the dangerous and defective condition" and "otherwise improperly operated, managed, maintained, and controlled the Premises so as to allow a dangerous and defective condition to remain a hazard to its customers." (Doc. 8 at ¶ 26(c)-(d)). Similarly, Count II alleges Defendant breached its duty of care because it "failed to make reasonable inspection of the premises for dangerous and defective conditions" and once again "otherwise improperly operated, managed, maintained, and controlled the Premises so as to allow a dangerous and defective condition to remain a hazard to its customers." (*Id.* at ¶ 36). As Defendant notes (Doc. 5 at 4), failure to inspect merely constitutes one type of conduct giving rise to a negligence or premises liability claim under Missouri law. *See, e.g.*, *Johnson v. Auto Handling Corp.*, 523 S.W.3d 452, 460 (Mo. banc 2017) (discussing failure to inspect trailer as negligence claim); *State ex rel. Uregas Serv. Co. v. Adams*, 262 S.W.2d 9, 10 (Mo. banc 1953) ("The negligence charged against related included failure to inspect."); *Berliner v. Milwaukee Elec. Tool*

*Corp.*, 501 S.W.3d 59, 69 (Mo. Ct. App. 2016) (finding alleged failure to inspect sufficiently stated negligence claim).

In short, Counts I and II of the Complaint make virtually identical factual allegations, and Count II's claim for "failure to inspect" is not distinct from Count I's claim for negligence under Missouri law. Defendant argues that because Count II because does not state an independent cause of action, it should "be stricken and/or dismissed for failing to [state] a cause of action upon which relief can be granted." (Doc. 5 at 4). Fed. R. Civ. P. 12(f) specifically authorizes the striking of "redundant" and "immaterial" matters.

In these circumstances, however, the Court does not believe it is necessary to employ the drastic remedy of striking Plaintiff's pleading. Instead, the Court will dismiss Count II without prejudice because it is functionally duplicative of Count I and subject to identical legal standards. Courts in the Eighth Circuit have recognized that "as a matter of judicial economy courts should dismiss duplicative claims – those that stem from identical allegations, that are decided under identical legal standards, and for which identical relief is available." *Parker v. United States*, No. 8:18CV123, 2018 WL 4953013, at *3 (D. Neb. Oct. 11, 2018) (internal quotations omitted); *see also Vitti v. Vockrodt*, No. 16-CV-236-FJG, 2016 WL 4487884, at *8 (W.D. Mo. Aug. 24, 2016) (dismissing negligence claims as duplicative of defamation claims). If Plaintiff wishes to supplement Count I with additional claims specifically pertaining to Defendant's alleged failure to inspect the premises, he may seek leave to file an Amended Complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Wal-Mart Stores East I, LP's Motion to Strike Count II of Plaintiff's Complaint (Doc. 4) is **GRANTED in part**, and Count II of Plaintiff's Complaint (Doc. 8) is hereby **DISMISSED without prejudice.**

Dated this 11th day of July, 2022.

                                                       _____
                                                     JOHN A. ROSS
                                                     UNITED STATES DISTRICT JUDGE